UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:15-cv-01857-JMS-TAB ) |
| IVY TECH COMMUNITY COLLEGE, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff James Taylor asks the Court to enforce his settlement agreement with Defendant Ivy Tech Community College. As Ivy Tech points out, however, the Court dismissed this case with prejudice and did not retain jurisdiction to enforce the parties' settlement agreement. Thus, the Magistrate Judge recommends that the instant motion [Filing No. 26] be denied.

The Court does not have jurisdiction to enforce the parties' settlement agreement after terminating its jurisdiction over this case by dismissing it with prejudice. *See e.g., Bond v. Utreras,* 585 F.3d 1061, 1079 (7th Cir. 2009) (citing *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 381 (1994)) ("[W]here the dismissal order neither incorporated the parties' settlement agreement nor expressly retained jurisdiction over it, the court lack[s] ancillary jurisdiction to enforce it and any action for breach of the agreement belong[s] in state court."); *see also Shapo v. Engle,* 463 F.3d 641, 643 (7th Cir. 2006) ("[A] district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice.").

On November 28, 2016, the Court dismissed the underlying case with prejudice. [Filing No. 25.] The Court no longer has jurisdiction. Thus, Taylor's motion to enforce the settlement agreement [Filing No. 26] should be denied. Absent the existence of diversity of citizenship, which appears to be lacking, and a sufficient amount in controversy, Taylor's only recourse is to bring a breach of contract claim in state court.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 6/9/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES TAYLOR
BOX 1811
Columbus, IN 47202

Meghan Uzzi Lehner
CLEVELAND LEHNER CASSIDY
meghan@clcattorneys.com

Brian Lee Park
INDIANA ATTORNEY GENERAL
brian.park@atg.in.gov

Rebecca A. Brelage
INDIANA ATTORNEY GENERAL
rebecca.brelage@atg.in.gov

William Hackl Brainard
INDIANA ATTORNEY GENERAL
william.brainard@atg.in.gov